Mason pro quaerente. There are three sorts of privities: (1) Of estate; (2) of contract; (3) of estate and contract.
Where there is a privity of contract, it is not determined by the assignment over of the estate to another, as in the case of Overt andSidhal. But in 3 Rep., 23, Walker's case, the very case is said to be adjudged, while revera, it was not adjudged, as appears by the book of entry.
Cook. As to Turpin's case, there also put, it never was adjudged, as appears by the roll. In this *case there is a privity of contract between the lessor and the executor of the lessee. For the executor represents the person of the testator. 28 H., 8; Dyer, 14. Termor covenants to build a new house, the term expires and the lessee dies, his executor shall be charged. 26 H., 7, 18. Lessee covenants to repair the house and dies, the executor is bound. 5 Rep., 17, Spencer's case. Lessee for a term of a flock of sheep covenants for him and his assigns; covenant does not lie against his assignee, for it is personal, but it binds his *Page 805 
executor. Com., 168. Lessor covenants to build a new house for the lessee, and his assigns, the executor is assignee. H., 15 Jac. C. B. rot., 3068. Sir Christopher Heydon brought debt against Hudson, executor of the lessee for years, for rent arrear; the executor pleaded that he had not agreed to take the term, but the plaintiff had judgment; for inasmuch as he has taken on himself the office of executor, he cannot refuse the term. P. 17 Jac. B.R. rot., 346, Manly v. Moody. Debt against executors, they plead plene administrav. all the goods, except a term, which they refused; and judgment against them. Contra. 21 H., 6, 24, perAscue. Those cases prove that the executor is not in as assignee, for then he might avoid and wave the term; but that he is in by a privity of contract.
2. The executor does not plead that he has given notice of the assignment, and tendered the arrearages. 8 H., 6, 10; 8 E., 4, 12; 47 E., 3, 4, where the act of the party shall not change the avowry, without notice; aliter, the act of the law. The action of the lord is not altered by the feoffment of the tenant without notice. Bro. Avowry, 111. Parceners make partition without notice given, the avowry of the lord continues on them jointly. 2 E., 4, 6; 34 H., 6, 4, e contra. Otherwise, if the tenant, after feoffment, dies. 3 Rep., 14. There notice was pleaded and accepted accordingly. Also, the executor had not pleaded that he had no assets, for the personal estate is bound by the contract. 8 Rep., 133; 9 Rep., 90.
3. The executor has no power to change the action of the lessor by his assignment; otherwise great inconvenience would ensue, for by this means he might waste the land and make it barren, and then assign it to some indigent person. Perhaps there is a difference, if the lessee himself assigns; perhaps debt does not lie against an executor.
Minge, e contra, cited the cases of Sidhal and Turpin, ut supra.
Noy, quaere? quia the executor represents the person of the testator.Sir Thomas Waller's *case, 10 Jac. B.R. A freeman of London imported goods, made his executor, and died; held, that the prisage shall not be paid by the executor.
DODERIDGE, J., assented.
It has been adjudged that the heir of the lessor, by reason of the privity, cannot maintain debt against the first lessee after the assignment of the term.
Noy. This differs from Turpin's case, for here is no acceptance; the lessor shall not have debt against the lessee after the acceptance of the assignee. Sidhal's case has never been resolved. Popham was always of a contrary opinion. The prebend lessor being a single corporation, the personal contract determined by his death; as a lease by Dean and Chapter, and the Dean died. *Page 806 
 Noy. On a lease for years in London, of lands in Kent, the lessor shall have debt against the executor in London, for the privity of the contract remains.